AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 2764, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,

v.

GENERAL SERVICES ADMINISTRATION et al., Defendants.

Civ. A. No. 72–383.

United States District Court, W. D. Pennsylvania.

Oct. 6, 1972.

Michael Hahalyak, Pittsburgh, Pa., for plaintiffs.

Donald C. Winson and James S. Curtin, of Eckert, Seamans, Cherin & Mellott, Richard Thornburgh, U. S. Atty., and James Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

MEMORANDUM and ORDER

McCUNE, District Judge.

This case arises out of the decision of the Administrator of the General Services Administration (GSA) to relocate the Pittsburgh offices of the Department of Housing and Urban Development (HUD).

The offices of HUD are currently located in the Federal Building in downtown Pittsburgh. To accommodate HUD's needs for more space GSA has entered into a lease with the Aluminum Company of America and its subsidiary, Alcoa, Properties, Inc., for office space in a multi-office complex known as Allegheny Center. Allegheny Center is located in an urban renewal area in Pittsburgh's North Side.

Plaintiff, American Federation of Government Employees, Local 2764, individually and on behalf of all others similarly situated, brought this action seeking to nullify and enjoin the Administrator's decision.

Defendants have moved to dismiss under Rule 12(b)(1), Fed.R.Civ.P., argu-

ing that the court has no jurisdiction to hear the case. It is on that motion that the suit is now before the court.

Plaintiffs' complaint alleges that the lease was entered into without consideration of relevant *factors*. It is alleged that the lease is contrary to the best interests of the United States and its agencies and that it will greatly increase government operating expenses while decreasing its efficiency. Therefore, plaintiff argues, it should be set aside as a matter of law. The complaint alleges that Presidential directives have been ignored but it appears that they merely direct the Administrator to insure the greatest efficiency possible at the lowest possible cost in providing offices for the government.

The Administrator entered into the lease pursuant to his authority under the Federal Property and Administrative Services Act, 40 U.S.C. 471, et seq., in particular § 490(h)(1).[1] The defendants argue in their motion to dismiss that the Administrator's decision was within his discretionary power under the Act and is, therefore, not reviewable by the courts. We think the defendants are correct.

■ The threshold question in analyzing cases such as the one before us is whether the discretionary action of an agency is reviewable. Almost every agency action involves some degree of discretion of judgment. Yet it cannot be said that, for this reason, every agency action is unreviewable, Homovich v. Chapman, 89 U.S.App.D.C. 150, 191 F.2d 761 (1951). The analysis turns on whether the agency action is "committed to agency discretion" within the meaning of the Administrative Procedure Act

or whether it merely "involves" discretion which is nevertheless reviewable. Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964).

■ Section 701(a) of the Administrative Procedure Act, 5 U.S.C. 701, et seq.,[2] excludes from judicial review categories of cases which involve "agency action" that are "committed to agency discretion by law." We think this case falls into the excluded category and the court has no jurisdiction to hear it.

The Administrator of G.S.A. has been authorized to enter into lease agreements not exceeding twenty years which "he deems to be in the interest of the United States and necessary for the accommodation of Federal Agencies." 40 U.S.C. § 490(h)(1). We think the statute makes it quite clear that the agency action in question is precisely the type that has been committed by law to agency discretion and is beyond the bounds of judicial review. Decisions about office space and the terms of lease agreements are the result of a multitude of economic, social and managerial factors. Decisions of this kind are committed to G.S.A.'s discretion because they involve "matters on which experts may disagree . . . [and] . . . nice issues of judgment and choice, . . . which require the exercise of informed discretion." Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 317, 78 S.Ct. 752, 757, 2 L.Ed.2d 788.

Congress has entrusted leasing decisions to GSA and we hold, therefore, that this court has no jurisdiction to hear this suit. Defendant's motion to dismiss shall be and hereby is granted. It is so ordered.

---

1. (h)(1) The Administrator is authorized to enter into lease agreements with any person, copartnership, corporation, or other public or private entity, which do not bind the Government for periods in excess of twenty years for each such lease agreement, on such terms as he deems to be in the interest of the United States and necessary for the accommodation of Federal agencies in buildings and improvements which are in existence or to be erected by the lessor for such purposes and to assign and reassign space therein to Federal agencies.

2. (a) This chapter applies, according to the provisions thereof, except to the extent that—
    (1) statutes preclude judicial review; or
    (2) agency action is committed to agency discretion by law.